PER CURIAM.
We reverse the order of the Unemployment Appeals Commission which affirmed the decision of the Appeals Referee dismissing Cisneros’ appeal from a denial of unemployment compensation benefits. A review of the record demonstrates that a dismissal of Cisneros’ appeal on the grounds of his non-appearance is unsupportable. Cisneros’ hearing before the Referee was scheduled for 2:15 p.m. on December 1, 1983. As the Referee herself noted, Cisneros (who neither spoke nor understood English) appeared at 2:10 p.m. without an interpreter, was advised to get an interpreter, and reappeared at 2:15 p.m. with “another claimant he found in the claims line to interpret.” When this interpreter could not stay for the hearing, Cisneros was told the hearing could not be held without an interpreter, and Cisneros left. There is absolutely nothing in this record to indicate that Cisneros was made aware that his leaving would constitute a non-appearance, and thus a failure to prosecute, resulting in dismissal of his appeal, and nothing to support the Referee’s formal order, which states, inter alia, that “[t]he appellant was duly notified to appear but failed to do so,” and “[t]he Referee was not notified of any reason for nonappearance.”
Reversed and remanded with directions that appellant be given a new hearing upon proper notice before an Appeals Referee.